**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE R. COMIER, Jr., <br><br> Petitioner, <br><br> v. <br><br> JOHN MATTOS, <br><br> Respondent. | No. 24-1926 <br><br><br><br> MEMORANDUM[*] |

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Argued and Submitted May 20, 2025
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Lee R. Comier, Jr. requests leave to file a second or successive petition for

writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. § 2244 and deny Comier's application.

Under 28 U.S.C. § 2244(b)(2)(A), a petitioner may not bring second or

successive petition for a writ of habeas corpus unless "the applicant shows that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, *that was previously unavailable*." (Emphasis added).

Comier's application relies on the new rule of constitutional law announced in *Graham v. Florida,* 560 U.S. 48 (2010). In *Graham*, the Supreme Court held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82. Comier was seventeen years old when he was arrested, and he is currently serving a cumulative 95.25-year sentence for non-homicide offenses. Comier claims that his sentence is unconstitutional under *Graham*.

For purposes of 28 U.S.C. § 2244(b)(2)(A), a rule is not retroactive until the Supreme Court holds it to be so. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court can "ma[k]e" a new rule retroactive through an explicit holding or through "the right combination of holdings." *Id.* at 663, 666 (alteration in original). Comier argues that *Graham* became retroactive in January 2016 when the Supreme Court decided *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

Assuming that *Montgomery* made *Graham* retroactive, Comier fails to show that his claim was previously unavailable because he has not made a prima facie showing that "real-world circumstances . . . prevented him, as a practical matter, from asserting his claim." *Muñoz v. United States*, 28 F.4th 973, 977 (2022); 28

24-1926

U.S.C. § 2244(b)(3)(C). Comier filed his first habeas petition in March 2016, two months after the Court decided *Montgomery*. Comier failed to demonstrate any "systemic or external barrier[s]" that prevented him from raising his *Graham* argument in that initial proceeding. *Muñoz*, 28 F.4th at 980; *id.* ("[Personal] characteristics, and the relatively short time frame . . . are not the kinds of circumstances that render a claim . . . 'previously unavailable.'"). And, in January 2017, counsel for Comier filed a notice of state post-conviction relief based on the rule in *Graham*; Comier was consulted about the content of that notice. So Comier was aware of *Graham* and *Montgomery* in August 2017 when he amended his 2016 habeas petition. Yet he did not attempt either to amend his petition to include those claims or to stay the proceedings. Because Comier has not shown that the rule in *Graham* was unavailable to him in his previous petition, he has not met the requirements of 28 U.S.C. § 2244(b)(2)(A).

**DENIED.**